## Dows and others *vs.* EKSTRONE.

*(Circuit Court, D. Minnesota. June, 1880.)*

1. WAREHOUSEMAN—RECEIPT HOLDERS—FRAUD—EQUITABLE RELIEF.— When a warehouseman, having in store a quantity of wheat deposited by several persons, for which, under the statute, he issues receipts to each depositor, fraudulently disposes of part of the wheat, the receipt holders must share in what remains according to the equitable interest of each, to be ascertained by an accounting.

Replevin brought by the plaintiffs against the defendant, who is sheriff of one of the counties of Minnesota, to recover possession of a quantity of wheat which the plaintiffs claim as their property. The defendant justifies the taking as sheriff, and shows that he seized the wheat by virtue of several writs of attachment against one Harris, who, defendant alleges, was the owner. A jury was empanelled, and after the plaintiffs' testimony was all in, and after argument by counsel, the opinion of the court was announced as follows:

*Davis, O'Brien & Wilson,* for plaintiffs.

*Strobeck & Plumley,* for defendant.

McCRARY, C. J. It is evident that the case turns upon a question of law which arises upon the admitted facts, which are as follows: Harris was a warehouseman, and also a dealer in wheat, his place of business being at Litchfield, Minnesota. He received grain for storage and issued warehouse receipts for the same, which receipts, under the statute of the state, were negotiable, and were evidence of title to the wheat named therein. Rev. St. of Minn., 1879, p. 1013. The plaintiffs hold such receipts for about 12,000 bushels of wheat. The plaintiffs in the attachment suits hold other certificates, calling for several thousand bushels in addition. Harris, the warehouseman who issued the receipts, either never received in store all the wheat represented as received, or, after receiving it, he sold or disposed of a portion of it.

Just prior to the commencement of this suit he absconded, leaving in his warehouse only about 3,000 bushels of wheat to meet the outstanding receipts, or only about one-fifth the

quantity required. In this state of things the creditors, represented by the defendant, attached all the wheat in the warehouse as the property of Harris, and the plaintiffs, holding a majority of the receipts, replevied from defendant, claiming that their receipts entitled them to what was left. Can they recover? Clearly not. When a warehouseman, having in store a quantity of wheat deposited by several persons, for which, under the statute, he issues receipts to each depositor, fraudulently disposes of part of the wheat, the receipt holders must share in what remains according to the equitable interest of each, to be ascertained by an accounting. No one of such receipt holders can recover at law the whole, nor could any number of such holders, less than the whole number, recover possession as against the remainder. This case must be brought in a court of equity, where all the claimants can be heard and decree can be rendered establishing the rights of each with respect to the property in controversy. It is a controversy which cannot be settled at law. I will, therefore, direct that a juror be withdrawn, and that either party have leave to file a bill in chancery.